# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Robert Hernandez,** *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. _____ |
| **Rust-oleum Corporation,** *Defendant*. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Robert Hernandez (hereinafter, "Plaintiff") and for cause of action would respectfully show this Honorable Court as follows:

### I.   PARTIES

1. Plaintiff Robert Hernandez is an individual residing in the State of Texas.

2. Defendant Rust-oleum Corporation (hereinafter, "Defendant") is a Delaware corporation doing business in Texas and can be served through its registered agent, Corporation Service Company DBA CSC - LAWYERS INCO, at 211 E. 7th St., Ste. 620 Austin, TX 78701.

### II.   JURISDICTION

3. This court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

4. This court has personal jurisdiction over the above-referenced parties because Plaintiff is a citizen of Texas and because Defendant is conducting business in Texas.

### III.   VENUE

5. Venue for this action is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in Austin.

## IV.     STATEMENT OF FACTS

6. On December 21, 2020 Plaintiff was performing work related to the refinishing of furniture while in the course and scope of his employment by Dresser Brothers.

7. Dresser Brothers had previously purchased a spray can of Zinsser® Bulls Eye Primer Spray (hereinafter, "The Spray Primer").

8. Defendant Rust-oleum Corporation was the company that manufactured The Spray Primer.

9. The directions on The Spray Primer indicated users needed to shake The Spray Primer can well before use. Plaintiff, whose job required him to use The Spray Primer, complied with these directions.

10. While Plaintiff was shaking The Spray Primer, the can suddenly and violently exploded.

11. The explosion caused grievous physical injury to Plaintiff, including but not limited to injuries to his shoulder and face.

## V.     COUNT 1 – STRICT AND NEGLIGENT PRODUCTS LIABILITY

12. The Spray Primer was designed and manufactured in a way that left it prone to exploding during foreseeable use.

13. Defendant failed to provide adequate warning concerning the serious risk that The Spray Primer could explode during foreseeable use.

14. A safer alternative design would be a spray can that didn't explode during foreseeable use, and adequate warnings instructing users of the risk of the can exploding and ways to mitigate that risk.

15. Defendant's conduct was a substantial factor in causing Plaintiff's injuries.

## VI.  DAMAGES

16. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages:

   a. Actual damages;
   b. Past and future lost wages;
   c. Past and future medical expenses;
   d. Past and future pain and suffering;
   e. Past and future mental anguish;
   f. Past and future impairment;
   g. Past and future loss of household services; and
   h. Attorney's fees and expenses.

## VII.  PRAYER

17. For these reasons, Plaintiff asks for judgment against Defendant for the above-listed damages, pre-judgment and post-judgment interest, court costs, and all such other relief to which Plaintiff shows himself justly entitled.

Respectfully submitted,

**WILLIAMS HART BOUNDAS HART, L.L.P**

By: ___/s/ Cesar Tavares___
JIM HART
Texas Bar No.: 09147400
CESAR TAVARES
Texas Bar No. 24093726
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5001
(713) 230-2312 - telephone
(713) 643-6226 – facsimile
PIDept@whlaw.com - Email